UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD DIAMOND, et al., | Civil Action No. 11-3703 (MLC) |
| Plaintiff, | |
| | OPINION and ORDER |
| v. | |
| BOROUGH OF PEAPACK GLADSTONE, et al., | |
| Defendant. | |

Currently pending before the Court is a Motion to File a Second Amended Complaint ("SAC") by Plaintiffs Richard and Denise Diamond ("Plaintiffs") in order to add a defendant, to assert additional factual allegations which further clarify and support their claims against Defendants and to assert causes of action against certain Defendants in their individual capacities. [Docket Entry No. 15]. Defendants Borough of Peapack, et al. ("Defendants") oppose Plaintiffs' motion and include in their brief an application to stay this matter pending the completion of the municipal court matter. [Docket Entry No. 18]. After considering the submissions and arguments of the parties, and for good cause shown, Plaintiff's Motion for leave to Amend the Complaint is GRANTED and Defendants' application for a stay is DENIED without prejudice.

**I. Background**

This action was brought by Plaintiffs alleging that Defendants intimidated, harassed, and violated Plaintiffs' rights in order to achieve the goal of having Plaintiffs either muzzle or get rid of their dogs. Shortly after filing their initial Complaint, Plaintiffs filed an Amended Complaint on July 5, 2011 [Docket Entry No. 3]. In their Amended Complaint, Plaintiffs assert that Daniel Verdirame and Susan Head (the "Verdirame Defendants") lodged complaints with local police regarding

Plaintiffs' barking dogs.  Further, Plaintiffs contend that the Verdirame Defendants enlisted the support of Borough officials, namely Borough of Peapack Gladstone, Peapack Gladstone Police Department, Corporal Thomas Scanlon, Mayor William Horton and Police Chief Gregory Skinner (collectively the "Peapack Defendants"), to harass and intimidate Plaintiffs.  As a result of the complaints lodged with the police, Plaintiffs were charged with violations of a "habitual dog barking ordinance."[1]   Those violations are currently being tried in municipal court.  The municipal court matter has been ongoing for more than two years.  In that matter, the prosecution has rested its case; however, due to various outstanding motions, both parties agree that there is still no end in sight.

On August 17, 2011, Defendants filed a Motion to Dismiss [Docket Entry No. 11].  Plaintiffs filed a brief in opposition to the Motion to Dismiss as well as a Cross-Motion to Amend on September 15, 2011 [Docket Entry No. 15].  On September 21, 2011 the Court issued an Order [Docket Entry No. 17] which denied without prejudice Defendants' Motion to Dismiss and which referred Plaintiffs' Cross-Motion to Amend to the Magistrate Judge.

Plaintiffs state that the municipal proceedings have uncovered evidence which further supports Plaintiffs' claims against Defendants in this civil matter.  Specifically, Plaintiffs rely on testimony confirming that the Verdirame Defendants met with the mayor regarding their dogs, evidence that there exists a private telephone line to the local police to which the Verdirames allegedly placed several unreported calls, and evidence that Defendants allegedly engaged in similar intimidating conduct against another neighbor which resulted in them getting rid of their dog.  Plaintiffs state that the SAC provides factual support for Plaintiffs' allegations regarding the Verdirame Defendants'

---

1. There is a disagreement regarding the number of summonses which were issued to Plaintiff. Defendants state that there were two summonses/violations.  Plaintiffs assert that there was only one. That dispute is irrelevant to the issue currently before this Court.

improper interference with Plaintiffs' rights and in their role in "involving the Borough and police in continuing the harassment, intimidation and retaliation against Plaintiffs." Plaintiffs also seek to add the Municipal Court Prosecutor as a named defendant.

Plaintiffs argue that the amendments they seek to add in the SAC relate "to the core of Plaintiffs' claim of police and private actions intended to deprive Plaintiffs of their civil rights." Thus, Plaintiffs state that there is good cause for granting their motion. Further, Plaintiffs contend that there would not be any prejudice to Defendants if the motion is granted.

Defendants oppose Plaintiffs' motion. In their brief, Defendants provide two grounds on which they base their opposition. First, with respect to Plaintiffs' amendment to assert causes of action against the Peapack Defendants in their individual capacities, Defendants assert that Plaintiffs' SAC is "completely bare of a single factual allegation supporting a basis to sue these defendants in their individual capacities." Next, with respect to Plaintiffs' amendment to add the Municipal Court Prosecutor as a named defendant, Defendants assert that the request is "completely unfounded and would severely interfere with the ability of that matter to be resolved in a timely manner." Defendants provide no factual or legal support their position; nor do they do not cite to any case law.

Much of Defendants' brief in opposition to Plaintiffs' motion is devoted to what is essentially an application to stay these proceedings. Defendants assert that the primary source of the information which has given rise to Plaintiffs' request to amend comes from testimony in the ongoing municipal matter. Defendants cite many cases which support the proposition that a civil action which raises § 1983 and similar claims may, and should, be stayed pending the outcome of the criminal matter. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *Tucker v. N.Y. Police Dep't*, 2010 U.S. Dist. LEXIS 15920 (D.N.J. Feb. 23, 2010); *Davis v. Ort*, 42 F. Supp. 2d 465, 471 (D.N.J. 1999); *Walsh Securities,*

3

*Inc. v. Cristo Property Management, Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998). Defendants assert that the municipal court proceeding is a "quasi-criminal" matter; thus, they argue that the federal proceedings should be stayed.

Defendants state that the Court has discretion to stay a case "if the interests of justice requires it" and Defendants provide a list of factors which they assert the Court should consider. *See Walsh* at 527. Defendants' analysis of the factors leads them to conclude that the interests of justice and judicial efficiency require that this matter be stayed pending the outcome of the underlying "criminal action."

First, Defendants argue that the instant case "overlaps significantly with the municipal court matter." Defendants state that "both cases involve many of the same witnesses, documents, and testimony that Plaintiffs will rely on in their civil matter." Defendants point out that Plaintiffs have based their motion on information which was obtained and developed in the municipal matter and Defendants anticipate that this practice will continue as the municipal case progresses. Thus, Defendants conclude that additional motions to amend will be filed and Defendants worry that these proceedings would be disrupted with every new revelation flowing from the municipal court matter.

Second, Defendants argue that the status of the two cases supports a decision to stay. Defendants note that the "municipal court trial is not even half-way completed." Further, Defendants assert that the instant case is still in its infancy with no discovery having been exchanged. Thus, it is Defendants' position that a stay would not prejudice the parties involved.

Defendants further contend that if both matters were allowed to proceed, Defendants would be subject to "repeated discovery, testimony, hearings, and motions to amend." Although they do not

state it in their brief, the Court gleans that it is Defendants contention that they would be prejudiced if both matters were to be tried concurrently.

Plaintiffs argue that there is no legal or factual basis to impose a stay. Plaintiffs first assert that Defendants have not set forth arguments which would support the remedy of a stay and that Defendants' reliance on the law they cite is misplaced. Second, Plaintiffs state that they would be greatly prejudiced if a stay were granted.

With respect to Defendants' legal argument in support of a stay, Plaintiffs assert that, contrary to the standard set forth in Defendants' brief, a stay of a civil proceeding is "an extraordinary remedy." As such, Plaintiffs believe that Defendants have not met their burden for granting such relief. In addition, Plaintiffs state that "[t]he Third Circuit has long noted that '[t]he civil and regulatory laws of the United States frequently overlap with criminal laws, creating the possibility of parallel civil and criminal proceedings, either successive or simultaneous. In the absence of substantial prejudice to the rights of the parties involved, such parallel proceedings are unobjectionable under our jurisprudence'." *SEC v. Dresser Industries, Inc.*, 623 F.2d 1368, 1374 (3d Cir. 1980).

Plaintiffs also devote much of their brief distinguishing the instant case from the cases which Defendants cite in their brief. Plaintiffs first argue that municipal matters are not treated the same as criminal matters and they reference a case cited by Defendants in support of this proposition. *Davis v. Ort*, 42 F. Supp. 2d 465, 471 (D.N.J. 1998). Plaintiffs remind that the municipal matter involves a habitual barking dog ordinance, the penalty for which is a fine; however, Plaintiffs argue that even if the municipal action is characterized as "quasi-criminal," this federal matter "differs factually and legally from the municipal matter." Plaintiffs clarify that the federal matter arises from Defendants'

5

alleged violations of Plaintiffs' civil rights whereas the municipal matter stems from Plaintiffs' alleged violation of a local ordinance which does not raise any constitutional issues. Specifically, Plaintiffs state that there is not any testimony or discovery sought from them which would impact any Fifth Amendment privilege in the municipal court matter. Further, even if Plaintiffs are found guilty of violating the ordinance in the municipal matter, it will have no impact on their civil matter claims.

Finally, Plaintiffs assert that they would be prejudiced if a stay were granted. Plaintiffs first state that the issuance of a stay would bar them from obtaining critical discovery and Plaintiffs believe that Defendants' request for a stay is an intentional attempt to delay discovery. Plaintiffs next argue that the issuance of a stay pending the outcome of the municipal matter would greatly delay the adjudication of this federal matter. Indeed, both parties agree that the municipal matter, which has been underway for over two years already, is far from completion.

## II. Analysis

### A. Leave to Amend the Complaint

Leave to amend the pleadings is generally given freely. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Notwithstanding this liberal standard, courts will deny a motion to amend on grounds of dilatoriness or undue delay, prejudice, bad faith or futility. *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005). If there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). In reviewing a motion to amend, the court looks only at the pleadings. *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau, Co., Inc.,* 106 F. Supp.2d 761, 765 (D.N.J. 2000).

Here, Plaintiffs seek to amend the Complaint to assert factual allegations which will clarify and support their claims, to add causes of action against certain defendants in their individual capacity and to add the Municipal Court Prosecutor as a named defendant. Plaintiffs brought this motion promptly after discovering evidence which gave rise to this motion.

Although Defendants oppose Plaintiffs' motion, they cite no law in support of their argument.[2] Defendants make isolated statements alleging that the proposed SAC is "bare of a single factual allegation" which would support suing defendants in their individual capacities and that adding the Municipal Court Prosecutor as a named defendant is "completely unfounded." The Court interprets these statements as a challenge to the sufficiency of Plaintiffs' claims as amended and a possible futility argument. However, absent any legal or factual support, this argument fails. Similarly, Defendants assert that the addition of the Municipal Court Prosecutor as a named defendant would "severely restrict" his ability to prosecute the municipal matter and would "likely result in further unnecessary delays in that matter." Defendants do not explain why or how this would occur. As such, Defendants argument in this respect is unpersuasive.

---

2. Defendants briefly mention their previously filed Motion to Dismiss which was denied without prejudice per the Court's September 21, 2011 Order. In their Motion to Dismiss, Defendants argued that Plaintiffs' claims "were untimely and barred by the statute of limitations, that Defendants' conduct was protected under the Noerr-Pennington doctrine, and that Plaintiffs' claims fail to state a claim upon which relief can be granted." However, Defendants only include this language in their opposition to Plaintiffs' Motion to Amend in their description of procedural history of this case. Defendants do not re-raise these arguments as a challenge to Plaintiffs' Motion to Amend; nor do they reference their Motion to Dismiss in any other section throughout their brief. Accordingly, the Court will not address those arguments in this Order.

**B. Application for a Stay Pending the Outcome of the Municipal Court Matter**

A court has discretion to stay a case if the interests of justice require it. *United States v. Kordel,* 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970). Further, matters of docket control are committed to the sound discretion of the Court. *In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 817 (3d Cir. 1982).

Defendants cite many cases in support of their contention that the civil matter should be stayed pending the outcome of a criminal matter. However, their arguments are misplaced. A stay of a civil case where there are pending criminal proceedings is not constitutionally required, however, it may be warranted in certain circumstances. *Trustees of Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc.,* 886 F.Supp. 1134, 1138 (S.D.N.Y.1995). A stay of a civil case is an "extraordinary remedy." *Weil v. Markowitz,* 829 F.2d 166, 174 n. 17 (D.C.Cir.1987). The factors to be considered in deciding whether to grant a stay include: 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest. *Walsh* 7 F. Supp. 2d at 527 citing *Transworld,* 886 F.Supp. at 1139. The Court will address each of these factors in turn.

**1. Similarity of Issues - Overlap of the "Criminal" and Civil Matters**

The cases which Defendants cite deal mostly with a set of cases, one of which is entirely criminal whose basis arises from the same occurrence or set of facts as does the civil matter. Many of the cases deal with a Fifth Amendment concerns. The two cases which the Court is addressing in this motion are simply not comparable.

As Plaintiffs point out, these cases arise from very distinct facts.  One case is a charge for violation of a municipal ordinance which, at best, can be characterized as "quasi-criminal," and which stems from a complaint(s) about a barking dog.  The other case involves alleged violations of civil rights stemming from acts of harassment and intimidation.  One is not invariably connected to the other, there is no Fifth Amendment privilege in the municipal trial at risk as a result of the civil case and the outcome of one does not necessarily impact the outcome of the other.

**2. Status of the Case**

Consideration of this factor is used primarily to determine the risk that defending oneself in the civil matter could affect one's Fifth Amendment privilege in the criminal matter.  However, as discussed above, there is no threat that Plaintiffs' Fifth Amendment privilege is at risk in the municipal trial.

The municipal trial is not yet half-way through.  Defendants do make a valid argument with respect to their concern that Plaintiffs could seek to amend their complaint again as the municipal matter progresses and additional facts are revealed.  Indeed, Plaintiffs base much of the new factual allegations in their proposed SAC on testimony and other evidence revealed during the municipal trial.  However, the Court finds that the likelihood that Plaintiffs will seek to amend again to be greatly reduced given the fact that the Prosecution in the municipal trial has rested.  Plaintiffs, who are defendants in the municipal proceeding, have knowledge of the information which will be set forth in the second half of that trial.

Further, discovery in this matter has not yet begun.  Thus, Plaintiffs have not yet had the opportunity to seek evidence from Defendants which may or may not cause them to file a motion to amend.  Plaintiffs were forced to move on the only information available to them: that which became

9

known through the municipal trial. It appears that at least some of the information which Plaintiffs seek to add through their proposed SAC is information which Plaintiffs would have sought through discovery in this case.³ Therefore, it seems likely that at least some of the information uncovered through the municipal trial would have been revealed anyway in the course of regular discovery in this case. As this matter progresses, Plaintiffs will be able to uncover additional evidence relevant to their case through discovery and not through the municipal trial. As such, the likelihood that new motions to amend will spring from revelations in the municipal trial is further reduced.

The status of the municipal case further leads the Court to conclude that a stay of the civil matter is inappropriate. The municipal matter has been ongoing for over two years and the parties concede that there is no end in sight. Indeed Defendants note that "the municipal court trial is not even half-way through." Thus an indefinite stay of this civil matter would not promote judicial economy and introduces the potential for prejudice against Plaintiffs as discoverable evidence may become lost or destroyed in the nearly three years before the municipal matter is expected to resolve. Thus, this ties into the next factor the Court will consider:

**3. Plaintiffs' Interest in Proceeding v. Prejudice to Plaintiffs Due to Delay**

Plaintiffs have filed this motion promptly and in a timely manner. They have an interest in moving this litigation forward. Additionally, as explained above, an indefinite stay of this civil matter introduces the potential for prejudice against Plaintiffs as discoverable evidence may become lost or destroyed in the nearly three years before the municipal matter is expected to resolve.

---

3. For example, Plaintiffs state that there were contradicting statements regarding whether or not the Verdirame Defendants talked with the mayor about Plaintiffs' dogs. Defendants do not dispute this. Mr. Verdirame finally testified in the municipal trial that he did, in fact, meet with the mayor. This information, being a key component of Plaintiffs' civil claims against Defendants, would likely have been sought in discovery in this case.

**4. Interests and Burdens on Defendants**

With respect to the potential for prejudice to Defendants, the Court finds that allowing both matters to proceed concurrently does not bear a significant risk. Defendants assert that if a stay is not granted, Defendants "would be subject to repeated discovery, testimony, hearings, and motions to amend." However, Defendants fail to explain why they believe they would be "subject to repeated discovery, testimony, hearings and motions to amend" or how the imposition of a stay would prevent them from being subjected to those actions. Thus, Defendants have set forth no compelling reasons as to why they are entitled to the stay.

**5. Interests of the Court**

Defendants suggest that it would be "in all parties' interest to have the municipal court record complete before this case proceeds." They do not further explain this proposition. While the Court agrees that, ideally, it may be more efficient to have one matter completed before progressing to the next; it is certainly not a necessity. Additionally, as discussed above, the two cases are not so intertwined that revelations in one would disrupt the flow of the other to a point where judicial efficiency would be hindered. Further, also discussed above, an indefinite stay of this civil matter pending the outcome of a not even half-way completed municipal trial would not promote judicial economy.

**6. Public Interest**

There is no significant public interest tied to granting a stay; nor is there harm to the public by not granting the stay. The public has an interest in the efficient resolution of these proceedings.

### III. Conclusion

In light of the fact that Defendants do not set forth valid reasons or arguments in opposition to Plaintiff's Motion to Amend, the motion is hereby granted.  Additionally, the Court remains unpersuaded that a stay of these civil proceedings pending the outcome of the municipal proceedings is appropriate considering the differences in the factual and legal basis for each case, the reduced likelihood that Plaintiffs will seek further amendments as a result of evidence revealed in the municipal trial, the substantial delay to these proceedings due to the indefiniteness of the municipal trial, the potential prejudice to Plaintiffs due to the length of the stay and the absence of prejudice to Defendants if both matters are to proceed concurrently.

THEREFORE, IT IS on this 17th day of October, 2011,

ORDERED that Plaintiffs' Motion to Amend is GRANTED; and is further

ORDERED that Defendants' application for a stay of the civil proceedings pending completion of the municipal court matter is DENIED without prejudice.

**and IT IS FURTHER ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 15] accordingly.**

                                             s/   Tonianne J. Bongiovanni
                                        **HONORABLE TONIANNE J. BONGIOVANNI**
                                        **UNITED STATES MAGISTRATE JUDGE**