**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| RICHARD DIAMOND, et al., : | CIVIL ACTION NO. 11-3703 (MLC) |
| Plaintiffs, : | **O P I N I O N** |
| v. : |  |
| BOROUGH OF PEAPACK GLADSTONE, : et al., : |  |
| Defendants. : |  |

**THE COURT** is reviewing the Second Amended Complaint sua sponte. (See dkt. entry no. 26, 2d Am. Compl.)[1] The plaintiffs allege that the defendants have (1) wrongfully complained about the plaintiffs' dogs ("Dogs"), (2) wrongfully caused the plaintiffs to be issued summonses ("Summonses") as a result of the Dogs' behavior, and (3) committed violations of a constitutional dimension meriting recovery of damages under 42 U.S.C. § ("Section") 1983 ("Federal Claims"). (See 2d Am. Compl.)

**THE PLAINTIFFS** make allegations concerning the defendants' conduct in ongoing municipal court proceedings ("Municipal Court Proceedings") that were commenced as a result of the Summonses. (See id.; see also dkt. entry no. 28, Br. in Support of Cross

---

[1] The plaintiffs incorrectly refer to the Second Amended Complaint as the First Amended Complaint. (See 2d Am. Compl. at 1; see also dkt. entry no. 3, Am. Compl.)

Mot. to Dismiss at 4 n.5 (asserting "that one summons was dropped, while the other summons is actively being prosecuted by the municipal prosecutor in municipal court").)  The plaintiffs appear to allege that (1) the prosecutor in the Municipal Court Proceedings, who is named as a defendant herein, is engaging in malicious prosecution and malicious abuse of process against them, and (2) all of the defendants are conspiring against them in the Municipal Court Proceedings.  (See 2d Am. Compl. at 2, 16, 18, 26, 29.)

**THE MUNICIPAL COURT PROCEEDINGS** are related to the Federal Claims and are ongoing.  Pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), (1) the Court must determine whether a Section 1983 claim, "if successful, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid", and (2) if a judgment for the plaintiffs on such a claim would necessarily imply the invalidity of a conviction, then the claim is barred until the conviction is overturned.  Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (citations and quotations omitted).

**IF THE PLAINTIFFS** were successful on the Federal Claims, then an eventual underlying conviction in the Municipal Court Proceedings could be rendered invalid.  When a plaintiff brings a Section 1983 claim

> before [being] convicted (or files any other claim
> related to rulings that will likely be made in a pending

>  or anticipated criminal trial), it is within the power
>  of the district court, and in accord with common
>  practice, to stay the civil action until the criminal
>  case or the likelihood of a criminal case is ended.

Wallace v. Kato, 549 U.S. 384, 393-94 (2007).

**THE COURT** will stay and administratively terminate this action pending the issuance of a final disposition in the Municipal Court Proceedings, including any aspect of the Municipal Court Proceedings that is or will be the subject of either an appeal or a review by any municipal or state court at any level.  The Court advises the plaintiffs to refrain from moving to reopen the action until the Municipal Court Proceedings are fully resolved, and that they should submit the proper documentation in support of that potential motion to reopen, e.g., a final order disposing of the Municipal Court Proceedings.

**THE COURT** further advises the plaintiffs that an administrative termination of this federal action is not the equivalent of a dismissal of the Second Amended Complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy. See Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination is not a final determination, as it "permits reinstatement and contemplates the possibility of

future proceedings", and "does not purport to end litigation on the merits"). The Court will issue an appropriate order.[2]

          s/ Mary L. Cooper
          **MARY L. COOPER**
          United States District Judge

Dated:  November 9, 2011

---

[2] The Court is aware of the Magistrate Judge's Opinion and Order, wherein the Magistrate Judge declined to issue a stay in this action. (See dkt. entry no. 24, Magistrate Judge Op. & Order.)  That Opinion and Order, however, predates the filing of the Second Amended Complaint, upon which the Court relies here.